Isaac S. Stover and others, administrators,

*v.*

Mary B. Wood and others

A condition in a decree of the court of appeals, that complainants
should bring suit within six months after the entry of such decree,—
*Held*, to have been fulfilled where a suit was in fact instituted by them
before the entry of such decree, and duly proceeded in afterwards, and,
the bill therein having been dismissed on demurrer, another suit for
the same object was, without unreasonable delay, begun and prose-
cuted.

Bill to foreclose.   On demurrer.

*Mr. E. W. Evans* and *Mr. James Wilson*, for complainants.

*Mr. J. N. Voorhees* and *Mr. John T. Bird, contra.*

The Chancellor.

The demurrer is based on the ground that this suit was
not commenced within the time limited for the purpose in
*Stover's adm'rs* v. *Wood, 1 Stew. 248*, which was six months
from the date (March 18th, 1877) of the decree of the court
of errors and appeals.   It appears, by the bill, that a suit
for foreclosure of the mortgages was instituted before the
entry of that decree, but on demurrer the bill was dis-
missed.   The demurrer was special.   On the hearing of it
the statements of the bill were found to be insufficient, and
the demurrer was therefore sustained and the bill dismissed.

*Stover* v. *Reading, 2 Stew. 152*. The bill was dismissed on the 18th of March, 1878. The bill in this suit was filed September 17th, 1878. It is urged on behalf of the demurrants, that this is not the same suit, and that the bill does not aver that it is. The complainants were, by the decree of the court of errors and appeals, put upon terms to bring suit to foreclose their mortgages within a limited period. But inasmuch as they had already begun suit, the terms were inapplicable, unless their bill in that suit should be dismissed within the period on their own motion. The object of imposing the condition was to compel them to use reasonable diligence in instituting proceedings for foreclosure, and so protect those who were interested in the mortgaged premises, but were not parties to the suit to set aside the cancellation, and were not bound by the decree therein, against the injurious consequences which might arise from delay on the part of the complainants in beginning suit to enforce their mortgage claims against them. It appears, by the bill in this suit, that the former bill to foreclose was dismissed, but it does not appear for what reason, though it does appear that it was on demurrer. It was dismissed a year after the entry of the decree of the court of errors and appeals. It is not, it is true, averred that this is the same suit, nor could such an averment have been made without manifest absurdity. But it sufficiently appears by the bill that this suit is a sequence of that, and has the self-same object. Certainty to a common intent, is all that is ordinarily required in pleadings in equity. The complainants might have asked leave to amend the bill in the former suit, and it would have been granted on such terms as seemed just; more especially if it appeared to be necessary that that course should be taken to save their right to sue. They adopted another method—that of filing a new bill. It appears, by the bill, that they are not barred by the condition; for it avers that their suit was already begun when the decree of the court of errors and appeals was entered. It appears, also, that they did not voluntarily dismiss their bill. The demurrer will be overruled.